**Ennis NETTLES, Petitioner-Appellant,**

v.

**Louie L. WAINWRIGHT, Director, Division of Corrections, State of Florida, Respondent-Appellee.**

No. 80–5596.

United States Court of Appeals,
Fifth Circuit.
Unit B

Sept. 21, 1981.

Rehearing and Rehearing En Banc
Granted Dec. 2, 1981.

Robert W. Knight, Federal Public Defender (Court-Appointed), James D. Whittemore, Tampa, Fla., for petitioner-appellant.

Michael J. Kotler, Peggy A. Quince, Asst. Attys. Gen., Tampa, Fla., for respondent-appellee.

Before RONEY, HILL and HATCHETT, Circuit Judges.

HATCHETT, Circuit Judge:

Ennis Nettles, a Florida state prisoner, appeals the denial of his application for habeas corpus relief pursuant to 28 U.S.C. § 2254. In denying Nettles's petition, the district court accepted a United States Magistrate's report and recommendation finding Nettle's claims to be without merit. Because Nettles did not object to the magistrate's report and recommendations before they were accepted by the district court, we hold that Nettles waived the right to appeal from the judgment based on the report and recommendations. We affirm.

In 1976, a Florida jury convicted Nettles of robbery, aggravated assault, and aggravated battery. The state trial judge sentenced him to seventy-five years imprisonment. A state appeals court affirmed the conviction. *Nettles v. State*, 336 So.2d 614 (Fla.App.1976).

Nettles then brought a federal habeas corpus petition claiming:

(1) Since his arrest was illegal, the pretrial identification should have been suppressed, and

(2) He was denied due process of law by the admission at his state trial of inflammatory photographs, and denied due process of law by both pre-trial and in-court identification evidence.

On April 4, 1980, a United States Magistrate, without holding a hearing, filed his report and recommendations finding Nettles's contentions to be without merit. Nettles did not object to the magistrate's report and recommendations. On April 22, 1980, the district court accepted the magistrate's report and recommendations and dismissed Nettles's petition.

Under 28 U.S.C. § 636(b)(1)(B) of the Federal Magistrates Act,

a judge may ... designate a magistrate to conduct hearings ... and to submit to a judge of the court proposed findings of fact and recommendations for the disposition, by a judge of the court, of [motions to suppress evidence in a criminal case] ....

\* \* \* \* \* \*

Within ten days after being served with a copy, any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court. A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in

whole or in part, the findings or recommendations made by the magistrate. The judge may also receive further evidence or recommit the matter to the magistrate with instructions.

This court, in a direct criminal appeal, has interpreted 28 U.S.C. § 636(b)(1)(B) to mean that failure to object to the magistrate's report and recommendations prior to the district court's acceptance of such constitutes a waiver of the right to appeal the recommendations "contained in the report." *United States v. Lewis*, 621 F.2d 1382 (5th Cir. 1980). There, following the lead of the Second Circuit, we held that:

> Jackson did not object to the magistrate's report and recommendations on the suppression motions. His failure to object is a waiver of his right to appeal the recommendations contained in the report. The Second Circuit recently reached the same conclusion. *John B. Hull, Inc. v. Waterbury Petroleum Prod., Inc.*, 588 F.2d 24 (2nd Cir. 1978), *cert. denied*, 440 U.S. 960, 99 S.Ct. 1502, 59 L.Ed.2d 773 (1979). Jackson's appeal is, accordingly, dismissed.

*Lewis* at 1386.

We read *Lewis* to mean that where a party does not object to a recommendation contained in a magistrate's report within the time allowed, and the recommendation is accepted by the district court, the party will be held to have waived the right to appeal that ruling. This is true even where the ruling is only implicitly reflected in the judgment.

The Sixth Circuit has also reached a similar conclusion. In *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981), the court established a prospective rule that failure to object timely under 28 U.S.C. § 636(b)(1)(B) to a magistrate's report and recommendations constitutes a waiver of a right to appeal the district court's order adopting the magistrate's recommendation. In so doing, the Sixth Circuit reasoned that:

> The permissive language of 28 U.S.C. § 636 suggests that a party's failure to file objections is not a waiver of appellate review. However, the fundamental congressional policy underlying the Magistrate's Act—to improve access to the federal courts and aid the efficient administration of justice—is best served by our holding that a party shall file objections with the district court or else waive right to appeal.

*Walters* at 949–50 (footnote omitted).

Under 28 U.S.C. § 636(b)(1)(B) of the Federal Magistrate's Act, the parties to an action are expected to "serve and file written objections to such proposed findings and recommendations" with which there is disagreement "as provided by rules of court." It is reasonable to place upon the parties the duty to pinpoint those portions of the magistrate's report that the court must specially consider. Although the statute calls for "a de novo determination" by the judge, such a determination need only be made as to the "portions of the report or specified proposed findings or recommendations *to which objection is made.*" (Emphasis added.)

Our holding in no way diminishes the duty of the judge to review the magistrate's report and recommendations carefully and completely to determine whether to accept, reject, or modify them. Our holding of waiver applies only where the judge accepts the report and recommendations without objection from a party.

Even if we were inclined to hold that failure to object to a magistrate's report did not constitute a waiver, the *Lewis* case, by a prior panel, forecloses such a holding. Any further consideration of this issue must be by the en banc court.

Accordingly, Nettles's failure to object to the magistrate's report and recommendations serves as a waiver of his right to appeal the recommendations accepted by the judge. We affirm the district court's denial of Nettles's habeas petition.

AFFIRMED.

## ON PETITION FOR REHEARING AND PETITION FOR REHEARING EN BANC

Before GODBOLD, Chief Judge, RONEY, TJOFLAT, HILL, FAY, VANCE, KRAVITCH, FRANK M. JOHNSON, JR., HENDERSON, HATCHETT, ANDERSON, and THOMAS A. CLARK, Circuit Judges.

BY THE COURT:

A member of this Administrative Unit of the Court in active service having requested a poll on the application for rehearing en banc and a majority of the judges in this Administrative Unit in active service having voted in favor of granting a rehearing en banc,

IT IS ORDERED that the cause shall be reheard by this Administrative Unit of the Court en banc with oral argument on a date

988

hereafter to be fixed. The Clerk will specify a briefing schedule for the filing of supplemental briefs.