**Gary MOAWAD, Plaintiff-Appellant,**

v.

**Major Fred CHILDS and Sgt. Jerry Upton, Defendants-Appellees.**

No. 81–4056
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

April 22, 1982.

Roy Campbell, III, Greenville, Miss., for plaintiff-appellant.

Robert L. Gibbs, Sp. Asst. Atty. Gen., Jackson, Miss., for defendants-appellees.

Before GEE, GARZA and TATE, Circuit Judges.

GARZA, Circuit Judge:

Gary Moawad, who alleges that he is Egyptian, appeals from a dismissal with prejudice of a civil rights action which he filed *pro se*. In his suit he had alleged, among other things, that he was harassed by guards, punished without due process, denied a radio or stereo and that his mail was censored. He is an inmate of the Parchman Prison in Mississippi. He sued two of the correctional officers at Parchman who he charged in the complaint with sundry misdeeds and misbehavior. In his complaint he requested that he be transfer-

red to another unit, that the defendant correctional officers be fired, that he be granted injunctive relief, and other "just and proper" relief.

Without waiting for an answer by the defendants, the magistrate recommended that his complaint be dismissed with prejudice under Fed.R.Civ.P. 12(b)(6). The magistrate focused on Moawad's request that he be transferred and that the correctional officers that he was suing be fired and recommended that relief be denied finding that the appellant was not entitled to particular living quarters and the court had no authority to fire state prison employees. Moawad objected to the findings and recommendation of the magistrate claiming that his life was in danger due to guard harassment and again seeking a transfer. In his objections he asked the court to "continue to process his complaint." The district court below, after considering the magistrate's recommendation and Moawad's objections, adopted the finding of the magistrate and dismissed the complaint with prejudice. As is true with many dismissals with prejudice under Fed.R.Civ.P. 12(b)(6), we find that Moawad's *pro se* complaint stated a cause of action and was prematurely dismissed, and such dismissal has to be set aside and this case reversed.

This court granted the appellant appeal *in forma pauperis* and granted his request for appointment of counsel. Appellees first argue to this court that appellant Moawad has waived his right to appeal any issue, other than the finding of the magistrate that he had no right to a transfer because he failed to object to other findings of the magistrate. They rely on *Nettles v. Wainwright*, 656 F.2d 986 (5th Cir. 1981), *rehearing en banc granted.*

Even assuming the continued viability of *Nettles, supra,* which is now under en banc consideration, and *U. S. v. Lewis,* 621 F.2d 1382 (5th Cir. 1980), *cert. denied,* 450 U.S. 935, 101 S.Ct. 1400, 67 L.Ed.2d 370 (1981), which was the authority for the *Nettles* decision, reliance on that case by the appellees is misplaced.

In *Nettles, supra,* at 987, this court stated that:

We read *Lewis* to mean that where a party does not object to a recommendation contained in a magistrate's report within the time allowed, and the recommendation is accepted by the district court, the party will be held to have waived the right to appeal that ruling. This is true even where the ruling is only implicitly reflected in the judgment.

■ A narrow reading of *Nettles* and *Lewis, supra,* leads us to the conclusion that Moawad could not have objected to a recommendation on an issue that he raised where there was no recommendation by the magistrate on that issue. He objected to the issues discussed by the magistrate. In his objections, he did not specifically discuss his other claims, such as his mail censorship claim, his harassment by guards or his classification being changed without due process, because the magistrate did not address these other claims. We find that a litigant, and more precisely a *pro se* litigant such as the appellant here, cannot be held to have waived an issue raised by his pleadings that is not covered in the magistrate's findings or recommendations.

■ A *pro se* complaint such as Moawad's should not be dismissed unless it appears that the plaintiff can prove no set of facts which would entitle him to relief. *Conley v. Gibson,* 355 U.S. 41, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957). In looking at the *pro se* complaint of Moawad and accepting his allegations as true, we must ask ourselves if Moawad has been deprived of a cognizable liberty or property interest. *See Richardson v. Fleming,* 651 F.2d 366, 368 (5th Cir. 1981); *see also Haines v. Kerner,* 404 U.S. 519, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972). In *Covington v. Cole,* 528 F.2d 1365, 1370 (5th Cir. 1976), this court characterized the test as "whether within the universe of theoretically provable facts there exists a set which can support a cause of action under this complaint, indulgently read." If dismissal of a *pro se* complaint is warranted, it should be without prejudice to allow an inmate to file an amended complaint. *See Mitchell v. Beaubouef,* 581 F.2d 412, 416 (5th Cir. 1978),

*cert. denied,* 441 U.S. 966, 99 S.Ct. 2416, 60 L.Ed.2d 1072 (1979). Here, the dismissal of appellant's complaint was with prejudice.

■ While the court below might be correct in its holding that the court is without jurisdiction to order prison employees fired or removed, the court below had jurisdiction to look into appellant's claim that his mail was being censored. Unless proper procedures have been followed, a claim of mail censorship could state a constitutional claim. *Guajardo v. Estelle,* 580 F.2d 748, 753–763 (5th Cir. 1978), discussing *Procunier v. Martinez,* 416 U.S. 396, 94 S.Ct. 1800, 40 L.Ed.2d 224 (1974). Obviously, his complaint of mail censorship, of guard harassment and his change of classification without due process require findings of fact to determine the merits of such claims.

Because Moawad's complaint, liberally construed, stated claims that were not addressed by the court below, we must send his case back to the district court for further proceedings.

REVERSED.