**Clifford Ray DELONEY,
Petitioner-Appellant,**

v.

**W. J. ESTELLE, Jr., Director, Texas
Department of Corrections,
Respondent-Appellee.**

**No. 81–1289.**

United States Court of Appeals,
Fifth Circuit.

June 14, 1982.

Opinion on Denial of Rehearing
July 30, 1982.

Clifford R. Deloney, pro se.

Mark White, Atty. Gen., Austin, Tex., for respondent-appellee.

Before GEE, GARZA and TATE, Circuit Judges.

GARZA, Circuit Judge:

▉ Previously, Clifford Deloney, a Texas state prisoner serving a life sentence, moved for appointment of counsel in order that he might effectively pursue an appeal of the district court's denial of his application for habeas relief. Deloney, however, had failed to object to the magistrate's report and recommendations.[1] Because of that, we were compelled not only to deny his motion for counsel, but also to dismiss his appeal[2] in light of our former decision

---

1. The magistrate's report was filed on March 9, 1981. Record, vol. 1, at 32. The district court adopted that report on April 30th, and defendant's notice of appeal was filed on June 10th. Record, vol. 1, at 42, 44.

2. *Deloney v. Estelle,* 661 F.2d 1061 (5th Cir. 1981).

of *Nettles v. Wainwright*, 656 F.2d 986 (5th Cir. 1981).[3] The mandate was stayed, however, when Unit B of the old Fifth Circuit agreed to reconsider *Nettles* en banc.[4] *Nettles* has since been re-released,[5] and while failure to file written objections to the magistrate's report continues to bar the party from attacking on appeal factual findings in the report accepted or adopted by the district court,[6] this bar shall not occur unless the magistrate informs the party that the objections must be filed within ten days after service of a copy of the magistrate's report is made upon him or further appeal is waived.[7]

A review of the record in the instant case fails to reveal any indication that Deloney was informed of the ten-day limitation. Accordingly, his appeal cannot be dismissed under the current *Nettles* rationale.

Furthermore, after reviewing both the record and the magistrate's findings and recommendations, we cannot say that Deloney's habeas claims are totally spurious. Because we feel that he should be given the opportunity to present them with the aid of competent counsel, his motion for appointment of counsel is GRANTED, and his appeal is hereby reinstated.

## ON PETITION FOR REHEARING

### PER CURIAM:

 On petition for rehearing appellee, having supplemented the record with leave of court, points to a notice included in the letter transmitting the Magistrate's Findings and Recommendations to Appellant as follows: "The parties have ten (10) days from the date the recommendations are served to file any written objection to such proposed findings and recommendations." Thus, on the record as now supplemented, the statement in our original opinion that "[a] review of the record ... fails to reveal any indication that Deloney was informed

of the ten-day limitation" is no longer accurate.

It remains true, however, that Deloney was not advised by the notice of the basic consequence attending failure to make objection: waiver of the right to attack the factual findings on appeal. This also is required. *Nettles v. Wainwright*, 677 F.2d 404, 408 (5th Cir. 1982) (Unit B en banc). The petition must therefore be denied.

---

3. In *Nettles*, this Court stated that

It is reasonable to place upon the parties the duty to pinpoint those portions of the magistrate's report that the court must specifically consider. Although the statute calls for "a de novo determination" by the judge, such a determination need only be made as to the "portions of the report or specified proposed findings or recommendations *to which objection is made*." (Emphasis added.)

656 F.2d 987.

4. Notwithstanding the stay, the original *Deloney* opinion was published because of our following of the Ninth Circuit's holding in *Aldabe v. Aldabe*, 616 F.2d 1089 (9th Cir. 1980). Our Court had not previously ruled on that point of law before.

5. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982).

6. Except upon grounds of plain error or manifest injustice. *Id.* at 410.

