IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 01-21252
Summary Calendar
_____

WILLIAM F. BEASLEY,

Plaintiff-Appellant,

versus

JACK MANGRUM; KENNETH REAGANS; GARY GOMEZ;
R. VILLARAZA; THOMAS J. MEDART,

Defendants-Appellees.

- - - - - - - - - -
Appeal from the United States District Court
for the Southern District of Texas
USDC No. H-00-CV-1649
- - - - - - - - - -
July 26, 2002

Before JOLLY, HIGGINBOTHAM and PARKER, Circuit Judges.

PER CURIAM:[*]

William F. Beasley, a Texas prisoner (# 635951), appeals the magistrate judge's 28 U.S.C. § 1915(e)(2) dismissal as frivolous of his pro se civil rights action, filed pursuant to 42 U.S.C. § 1983. The dismissal pursuant to the "in forma pauperis" ("IFP") statute, 28 U.S.C. § 1915(e)(2), was improper because that statute does not apply to prisoners, like Beasley, who are not proceeding IFP. See Bazrowx v. Scott, 136 F.3d 1053, 1054

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

(5th Cir. 1998). The question before this court is whether such dismissal would have been alternatively authorized under 28 U.S.C. § 1915A(b), which applies regardless whether the plaintiff has paid a filing fee. See Ruiz v. United States, 160 F.3d 273, 274 (5th Cir. 1998). We review a dismissal as frivolous under 28 U.S.C. § 1915A for abuse of discretion. Martin v. Scott, 156 F.3d 578, 579-80 (5th Cir. 1998).

Beasley contends that the district court erred in dismissing his claims that defendant Major Mangrum forced him to move his personal property several hundred yards during a November 29, 1999, shakedown at his correctional unit, which allegedly resulted in his "black[ing] out" due to his high blood pressure and related medical problems. He has alleged that the other defendants violated his rights subsequent to this incident by rejecting his internal grievances on the matter. The district court dismissed the complaint following a hearing pursuant to Spears v. McCotter, 766 F.2d 179 (5th Cir. 1985), determining that Beasley had conceded in his hearing testimony that Mangrum had not been aware of his medical condition at the time he ordered Beasley to move his property.

Both in his timely FED. R. CIV. P. 59(e) motion for "reconsideration" and in his complaint, however, Beasley made clear that he was alleging that Mangrum had been aware of both his medical problems and of a physician-issued "cell pass" that, at the time of the shakedown, restricted Beasley to his cell except for eating and going to the bathroom. The district court appears to have misconstrued or misunderstood Beasley's answer to

a question during the hearing, when Beasley answered that he had not informed Mangrum of his medical condition "before" the day of the November 29, 2001, shakedown.

Although Beasley's allegations may be sufficient to support a deliberate-indifference claim against Mangrum, on the ground that they showed that Mangrum was aware that Beasley faced a substantial risk of serious harm, see Farmer v. Brennan, 511 U.S. 825, 839-40 (1994), we AFFIRM the district court's dismissal of Beasley's claim against Mangrum on an alternative ground. See Sojourner T v. Edwards, 974 F.2d 27, 30 (5th Cir. 1992). The only relief sought by Beasley with respect to defendant Mangrum was that Mangrum be "removed from his duties." The district court was not authorized to grant such relief in the nature of mandamus relief, which is not available to federal courts to direct state officials in the performance of their duties and functions. See Moye v. Clerk, DeKalb County Superior Court, 474 F.2d 1275, 1275-76 (5th Cir. 1973); see also Moawad v. Childs, 673 F.2d 850, 852 (5th Cir. 1982).

As for the supervisory defendants Assistant Warden Reagans and Regional Director Gomez, the district court properly concluded that Beasley's allegations failed to establish any causal connection between their conduct and any Eighth Amendment violation. See Thompkins v. Belt, 828 F.2d 298, 303 (5th Cir. 1987). Beasley's allegations against Nurse Villaraza show only that she disagreed with him about his medical treatment; the allegations are insufficient to support a 42 U.S.C. § 1983 claim. See Varnado v. Lynaugh, 920 F.2d 320, 321 (5th Cir. 1991).

Beasley has made no specific allegations against a fifth named defendant, Senior Warden Medart.  Accordingly, the district court's order dismissing the complaint is AFFIRMED.

AFFIRMED.