# United States Court of Appeals
## for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

July 26, 2023

Lyle W. Cayce
Clerk

————————

No. 21-20560

————————

Luis E. Class,

*Plaintiff—Appellant*,

*versus*

Bobby Lumpkin, *Director, Texas Department of Criminal Justice, Correctional Institutions Division*; Kimberly Klock; Kelly L. Strong; Christopher S. Lacox; Lisa M. Nichols; Candy L. Montgomery; Cesar Trevino; Isaac J. Clark,

*Defendants—Appellees*.

———————————————————————

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:20-CV-3440

———————————————————————

Before King, Stewart, and Haynes, *Circuit Judges*.

Per Curiam:[*]

Luis E. Class, Texas prisoner # 2303801, filed a pro se civil action against eight officials of the Texas Department of Criminal Justice ("TDCJ"). He alleged violations of his rights as a person with a disability under the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101 et seq.

———————————————

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 21-20560

("ADA"), and the Rehabilitation Act of 1973, 29 U.S.C. § 701 et seq. ("RA"). He also sought relief under 42 U.S.C. § 1983 for alleged violations of his Eighth Amendment rights.[1] The district court sua sponte dismissed his claims against some of the defendants pursuant to 28 U.S.C. § 1915A and later granted the remaining defendants' motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). The suit was dismissed with prejudice, and Class appealed.[2]

For the reasons that follow, we AFFIRM the district court's dismissal of Class's claims. However, given that this appeal involves his original complaint, we VACATE the portion of the district court's order dismissing the aforementioned claims with prejudice, and REMAND with instructions to dismiss those claims without prejudice so that Class can have an opportunity to replead his claims with sufficient factual allegations that may satisfy the pleading standard.

## I.

We review de novo the district court's dismissal of a claim under Federal Rule of Civil Procedure 12(b)(6) and section 1915A(b)(1) for failure to state a claim. *Legate v. Livingston*, 822 F.3d 207, 210 (5th Cir. 2016). "Under that standard, a complaint will survive . . . if it contains sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Id.* (internal quotation marks and citation omitted). Although Class has counsel now on appeal, he proceeded pro se at the district court, and thus

---

[1] Class's complaint also includes several allegations against TDCJ officers for mishandling his grievances. These allegations are not pertinent here since the district court dismissed them upon screening, and Class does not challenge their dismissal on appeal.

[2] Although Class proceeded in the district court pro se, he is represented by counsel on appeal.

No. 21-20560

he is entitled to a liberal reading of his complaint. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976).

## II.

In his complaint, Class stated that he has a back injury that he sustained in 2011 while serving in the military. Over a decade later, his mobility is still limited as he currently walks with a cane. The alleged events arise from two separate incidents which, according to Class, aggravated this injury. Neither incident, however, amounts to a violation of his Eighth Amendment rights or his rights under the ADA and RA.

The first incident involved TDCJ officer Candy Montgomery. Class alleged that she violated his Eighth Amendment right to be free from cruel and unusual punishment when she forced him to sit on the floor, along with other inmates, during an emergency incident. When he could not comply, he told her about his injuries, but she nonetheless threatened and punished him with six hours in administrative segregation where he had no mattress and no utensils or kitchenware. The district court held that Class failed to state a claim because mere threats do not amount to a constitutional violation, and the Constitution does not mandate comfortable prisons. On appeal, Class alleges that the district court improperly minimized his claims because the crux of his suit was not that his cell was uncomfortable, but that he was forced to perform an act beyond his physical capabilities.

Although we do not agree with the district court's reasoning, we agree with its outcome. *See Gulf Guar. Life Ins. Co. v. Conn. Gen. Life Ins. Co.*, 304 F.3d 476, 486 (5th Cir. 2002). The Eighth Amendment prohibits a prison official from acting with "'deliberate indifference' to a substantial risk of serious harm to an inmate." *Farmer v. Brennan*, 511 U.S. 825, 828 (1994). This is an "extremely high standard to meet." *Domino v. Tex. Dep't of Crim. Just.*, 239 F.3d 752, 756 (5th Cir. 2001). Class must show an objective

exposure "to a substantial risk of serious harm." *Lawson v. Dall. Cnty.*, 286 F.3d 257, 262 (5th Cir. 2002) (citing *Farmer*, 511 U.S. at 834). He must then show that the defendant: "(1) was 'aware of facts from which the inference could be drawn that a substantial risk of serious harm exists'; (2) subjectively 'dr[e]w the inference' that the risk existed; and (3) disregarded the risk." *Cleveland v. Bell*, 938 F.3d 672, 676 (5th Cir. 2019) (quotation omitted).

Class fails to show an objective exposure to a substantial risk of serious harm. *Farmer*, 511 U.S. at 834. His allegations of pain from attempting to sit on the ground during an emergency incident are vague and they do not exemplify a risk "so grave that it violates contemporary standards of decency to expose *anyone* unwillingly to such a risk." *Helling v. McKinney*, 509 U.S. 25, 36 (1993) (emphasis in original); *Martin v. Seal*, 510 F. App'x 309, 316 (5th Cir. 2013) (per curiam) (unpublished) (emphasizing that the plaintiff did "not identif[y] with any specificity the ailments or symptoms (aside from asthma and a vague reference to back pain) he claims were caused by Appellants' alleged deliberate indifference").

Likewise, Class fails to meet the high deliberate indifference standard on his individual capacity claim against TDCJ Officer Cesar Trevino. Class alleges that he was relocated four times over the course of several days after he developed a high temperature during the COVID-19 pandemic. Throughout each relocation, he was forced to walk the stairs "up and down, without help," with his cane, and carry all of his belongings, including a mattress weighing "more than 20 pounds." After the third relocation, Class alleged that he told a sergeant about his disabilities. That sergeant spoke with Trevino who responded that there were no restrictions allowed and threatened him with disciplinary action.

Here, Class fails to allege that Trevino knew of the risk associated with requiring him to take the stairs or that he "drew the inference" that such a

risk existed. *Cleveland*, 938 F.3d at 676. Class attached a medical form to his complaint showing that during the time of the second incident, he was restricted to the ground floor only and from lifting more than 20 pounds. However, he does not allege that he informed the sergeant that talked to Trevino that he (Class) had this medical form, and it is also unclear whether Trevino knew of Class's injuries, restrictions, or use of a cane. Thus, Class's Eighth Amendment claims against Trevino and Montgomery were properly dismissed. *See Farmer*, 511 U.S. at 834.

## III.

In addition to his Eighth Amendment claims, Class appeals the dismissal of his ADA and RA claims for damages against TDCJ officials Lori Davis,[3] Kelly Strong, Christopher Lacox, Trevino, and Montgomery in their official capacities.[4] These allegations likewise fail to state a claim upon which relief may be granted. Because the "[t]he language in the ADA generally tracks the language set forth in the RA" these claims are usually addressed together. *Delano-Pyle v. Victoria Cnty.*, 302 F.3d 567, 574 (5th Cir. 2002) (quotation omitted). To establish a prima facie case of discrimination, Class must show:

> (1) that he is a qualified individual within the meaning of the ADA; (2) that he is being excluded from participation in, or being denied benefits of, services, programs, or activities for

---

[3] Bobby Lumpkin, the new director of the Correctional Institutions Division of the TDCJ has been substituted for Davis as a defendant in this action.

[4] Class also alleges that his ADA and RA claims are not subject to dismissal under Eleventh Amendment immunity, and Defendants do not dispute this. It is unclear whether the district court dismissed Class's ADA and RA claims when it broadly dismissed his official capacity claims on grounds of Eleventh Amendment immunity because it went on to address these claims on the merits. Nonetheless, because we find that Class has failed to state a claim under the RA and ADA, we need not address this issue on appeal.

No. 21-20560

which the public entity is responsible, or is otherwise being discriminated against by the public entity; and (3) that such exclusion, denial of benefits, or discrimination is by reason of his disability.

*Melton v. Dall. Area Rapid Transit*, 391 F.3d 669, 671–72 (5th Cir. 2004).[5]

The parties do not dispute the first prong—Class has a qualifying disability. Nevertheless, Class fails to meet the second prong as to the incident where he was placed in segregation for not sitting on the floor. Class argues that he was denied the benefit of safe prison housing. He relies on *Epley v. Gonzalez*, a case in which this court held that a plaintiff with PTSD and a single-cell medical restriction was denied the benefits of safe prison housing when officials placed him in a multi-occupancy cell. 860 F. App'x 310, 311, 314 (5th Cir. 2021) (per curiam) (unpublished). That case is inapposite because Class fails to show that, like the plaintiff in *Epley*, his temporary placement in a segregation unit amounted to a denial or exclusion from any benefits or services. *See Valentine v. Collier*, 993 F.3d 270, 290 (5th Cir. 2021).

As to the incident where Class was forced to climb multiple flights of stairs, we assume arguendo that he has met the second prong. *See Cadena v. El Paso Cnty.*, 946 F.3d 717, 724 (5th Cir. 2020) ("[A] disabled inmate's right to mobility within a prison is well-established."). However, Class's allegations do not overcome the third prong, which can be satisfied by a showing that a defendant failed to make a reasonable accommodation.

_____

[5] To recover compensatory damages, the plaintiff must also allege intentional discrimination. *Miraglia v. Bd. of Supervisors of La. State Museum*, 901 F.3d 565, 574 (5th Cir. 2018). Such a showing is not completely defined but "intent requires that the defendant at least have actual notice." *Id*. a 575. "Unlike other circuits, we have not held that deliberate indifference suffices" to meet this standard. *Smith v. Harris Cnty.*, 956 F.3d 311, 318 (5th Cir. 2020) (citing *Miraglia*, 901 F.3d at 574).

No. 21-20560

*Windham v. Harris Cnty.*, 875 F.3d 229, 235–36 (5th Cir. 2017). To establish such a claim, the plaintiff has the burden "to specifically identify the disability and resulting limitations, and to request an accommodation in direct and specific terms" or show that "the disability, resulting limitation, and necessary reasonable accommodation were open, obvious, and apparent to the entity's relevant agents." *Id.* at 237. Class alleges that he was deprived of reasonable accommodations when he was ordered to sit on the floor and forced to climb stairs carrying his belongings because he had previously informed officials about his injuries.

However, "[m]ere knowledge of the disability is not enough; the service provider must also have understood the limitations the plaintiff experienced . . . *as a result* of that disability." *Id.* (quotation and internal marks omitted) (emphasis in original). Class does not allege that he requested any accommodations, such as assistance walking up the stairs, in direct and specific terms. His complaint also does not show that his resulting limitation and the accommodations that he needed were open, obvious, and apparent. He does not state that he informed anyone, including Trevino, of his medical restrictions or that Trevino saw him with a cane. Nor does he explain on appeal what sort of accommodations he believes should have been provided. Thus, even under the more liberal construction, he has failed to state a prima facie case to support his ADA and RA claims. *See Windham*, 875 F.3d at 238 (holding that an official's knowledge of the prisoner's neck disability alone was not enough to meet the knowledge requirement).

IV.

Lastly, while the district court was correct in its holding, it is a close call as to whether the district court should have dismissed the case with prejudice. This issue calls the court to ask, "whether within the universe of theoretically provable facts there exists a set which can support a cause of

action under this complaint, indulgently read." *Moawad v. Childs*, 673 F.2d 850, 851 (5th Cir. 1982) (quotation omitted). Having reviewed this complaint, we cannot say that there is no set of facts here that can support a well-pleaded claim such that a dismissal with prejudice is warranted. *See id.* ("If dismissal of a pro se complaint is warranted, it should be without prejudice to allow an inmate to file an amended complaint."). Indeed, unlike when Class drafted the instant complaint, he now has counsel who has ably briefed and argued the case. Aided by counsel, if Class repleads the case, he may very well be able to further develop his claims to satisfy the pleading standard. Accordingly, the aforementioned claims should be dismissed without prejudice. *See id.*; *cf. Jones v. Greninger*, 188 F.3d 322, 326–27 (5th Cir. 1999) (per curiam) (affirming dismissal of pro se complaint with prejudice because the plaintiff alleged his best case as the court could not perceive any viable claim that he could include in an amended complaint).

V.

In sum, we AFFIRM the district court's dismissal of Class's ADA and RA claims for damages against Montgomery, Trevino, Lumpkin, Strong, and Lacox in their official capacities and Eighth Amendment claims for damages against Montgomery and Trevino in their individual capacities. Because Class has abandoned all other claims, the district court's rulings are AFFIRMED in all other respects. However, we VACATE the portion of the district court's order dismissing the claims discussed in Sections II-IV with prejudice, and REMAND with instructions to dismiss those claims without prejudice.