United States Court of Appeals
Fifth Circuit

**F I L E D**

**June 7, 2007**

Charles R. Fulbruge III
Clerk

REVISED September 21, 2007

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

———————————

No. 06-11128
Summary Calendar

———————————

BOBBY J. JONES,

                                        Plaintiff-Appellant,

versus

UNIVERSITY OF TEXAS MEDICAL BRANCH HOSPITAL GALVESTON, Medical
Director and Staff Members; DALHART INFIRMARY MEDICAL DIRECTOR &
STAFF MEMBERS; Nurse FIRESTONE; Nurse BROWNLEE, RN,

                                        Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 2:05-CV-264
--------------------

Before JOLLY, DENNIS, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

    Bobby J. Jones, Texas prisoner # 608371, appeals the

dismissal of his 42 U.S.C. § 1983 complaint, alleging deliberate

indifference to his serious medical needs.  The district court

dismissed the complaint as frivolous and for failure to state a

claim.  We review dismissal of a prisoner complaint as frivolous

for abuse of discretion, see Berry v. Brady, 192 F.3d 504, 507

_____

    [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

(5th Cir. 1999), and for failure to state a claim de novo. Harris v. Hegmann, 198 F.3d 153, 156 (5th Cir. 1999).

According to the district court pleadings, Jones was treated by Nurse Firestone for a spider bite on his leg with a heat pack. Jones alleged that Firestone failed to check on him after applying the pack, which caused a severe burn to his leg. He subsequently sought treatment from Nurse Brownlee when he noticed a discharge from the dressing on his leg. Brownlee told Jones she could not treat him because he did not have a lay-in for the infirmary. Jones immediately sought assistance from prison guards, who gave Brownlee approval. Brownlee then treated the leg and ordered an additional 14 days of treatment. Jones alleged that Brownlee made him wait in the infirmary for two hours before treating him, however, in retaliation for his seeking assistance from prison officials.

Prison officials violate the constitutional prohibition against cruel and unusual punishment when they demonstrate deliberate indifference to a prisoner's serious medical needs. Wilson v. Seiter, 501 U.S. 294, 297 (1991). Deliberate indifference encompasses only unnecessary and wanton infliction of pain repugnant to the conscience of mankind. Estelle v. Gamble, 429 U.S. 97, 105-06 (1976). A showing of deliberate indifference requires the inmate to submit evidence that prison officials "'refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in any similar

conduct that would clearly evince a wanton disregard for any serious medical needs.'" <u>Domino v. Texas Dep't of Criminal Justice</u>, 239 F.3d 752, 756 (5th Cir. 2001)(citation omitted).

At most, Jones has alleged claims against Firestone and Brownlee for negligence or medical malpractice, which are insufficient to give rise to a cause of action under § 1983. <u>See</u> <u>Varnado v. Lynaugh</u>, 920 F.2d 320, 321 (5th Cir. 1991). Additionally, Jones's claim that Brownlee retaliated against him is conclusional and alleges nothing more than his own personal belief of retaliatory conduct. <u>See</u> <u>Johnson v. Rodriguez</u>, 110 F.3d 299, 310 (5th Cir. 1997); <u>Woods v. Smith</u>, 60 F.3d 1161, 1166 (5th Cir. 1995).

Jones also argues that the district court dismissed his complaint without giving him an opportunity to respond to the defendants' motion to dismiss. Because the defendants were never served with the complaint there was no motion requiring a response from Jones, and the district court was permitted to sua sponte dismiss the complaint. <u>See</u> <u>Black v. Warren</u>, 134 F.3d 732, 733 (5th Cir. 1998); 28 U.S.C. § 1915A, 1915(e)(2)(b).

Jones also argues that the district court erroneously dismissed the complaint without conducting a hearing under <u>Spears v. McCotter</u>, 766 F.2d 179 (5th Cir. 1985), or giving him an opportunity to amend the complaint. The "principal vehicles which have evolved for remedying inadequacy in prisoner pleadings are the <u>Spears</u> hearing and a questionnaire to bring into focus

the factual and legal bases of prisoners' claims." Eason v. Thaler, 14 F.3d 8, 9 (5th Cir. 1994). The district court here used a questionnaire instead of a Spears hearing, and Jones fails to show the district court's choice of this method prevented him from adequately presenting his claims. Cf. Green v. McKaskle, 788 F.2d 1116, 1120 (5th Cir. 1986).

Jones's appeal is without arguable merit and is dismissed as frivolous. See Howard v. King, 707 F.2d 215, 220 (5th Cir. 1983); 5TH CIR. R. 42.2. Jones is cautioned that the district court's dismissal of his complaint and the dismissal of this appeal count as strikes under 28 U.S.C. § 1915(g) and that if he accumulates three strikes, he will not be able to proceed in forma pauperis (IFP) in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury. See Adepegba v. Hammons, 103 F.3d 383, 388 (5th Cir. 1996).

APPEAL DISMISSED; SANCTION WARNING ISSUED.