# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

November 19, 2008

Charles R. Fulbruge III
Clerk

No. 08-30012
Summary Calendar

TRAVIS J RICHARDSON

                    Plaintiff-Appellant

v.

DINO THORNTON; HENRY WHITEHORN; STANLEY GRIFFIN; JAMES E
JORDAN; RICHARD STALDER; CORPORATE CORPORATION OF AMERICA;
TIMOTHY WILKINSON; T MORGAN; ANGIE MARTIN; VIRGIL LUCAS;
NICOLE WALKER; TOMMY GLOVER; CARL COLEMAN; SHIFT
SUPERVISOR GASKIEL; PAT THOMAS; NURSE COLEMAN; NURSE
HOWARD; MONA HEYSE; MS SMITH

                    Defendants-Appellees

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 1:07-CV-1616

Before HIGGINBOTHAM, BARKSDALE, and ELROD, Circuit Judges.

PER CURIAM:[*]

Travis J. Richardson, a Louisiana prisoner, appeals the 42 U.S.C. §
1997e(c)(1) and 28 U.S.C. § 1915(e)(2)(B) dismissal of his civil rights suit as
frivolous and for failure to state a claim. His pro se complaint, which we

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion
should not be published and is not precedent except under the limited
circumstances set forth in 5TH CIR. R. 47.5.4.

construe liberally,[1] alleged that the defendants have violated and continue to violate his Eighth Amendment rights by failing to protect him from inmate attack and failing to provide adequate medical care. He seeks damages and injunctive relief. Our review of the district court's dismissal under § 1997e and § 1915(e)(2)(B)(ii) is de novo. Under § 1915(e)(2)(B)(i) our review is for abuse of discretion.[2] Because the district court referred to all three statutory provisions, our review is de novo.[3]

The district court erred in dismissing Richardson's suit without first considering his timely-filed objections to the magistrate judge's report. Richardson's objections to the magistrate judge's report were deemed filed and served at the moment they were forwarded to prison officials for delivery to district court, under the "prison mailbox rule."[4] They were therefore timely filed and should have been afforded de novo review by the district court pursuant to 28 U.S.C. § 636(b)(1)(C).

Most of Richardson's claims are frivolous, and thus the district court's error as to those claims is harmless.[5] The failure of the prison to follow its own

---

[1] "A document filed pro se is 'to be liberally construed,' and 'a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" Erickson v. Pardus, 127 S.Ct. 2197, 2200 (2007) (internal citation omitted) (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976)). See also Geiger v. Jowers, 404 F.3d 371, 373 n. 6 (5th Cir. 2005); Howard v. King, 707 F.2d 215, 220 (5th Cir. 1983).

[2] Ruiz v. United States, 160 F.3d 273, 275 (5th Cir. 1998); Geiger, 404 F.3d at 373.

[3] See Velasquez v. Woods, 329 F.3d 420, 421 (5th Cir. 2003).

[4] See Thompson v. Rasberry, 993 F.2d 513, 515 (5th Cir. 1993).

[5] "[A] complaint, containing . . . both factual allegations and legal conclusions, is frivolous where it lacks an arguable basis either in law or in fact." Denton v. Hernandez, 504 U.S. 25, 31 (quoting Neitzke v. Williams, 490 U.S. 319, 325 (1989)).

policies, including a failure to address prisoner grievances, is not sufficient to make out a civil rights claim.[6] The conduct of prison officials with regards to the conditions of the initial attack does not arguably rise to the constitutional standard of deliberate indifference to prison conditions.[7] Finally, the medical care that appellant received after the attack was not so deficient as to support a successful civil rights claim.[8] These claims were rightly dismissed as frivolous by the district court.

However, while his hand-written submissions do not separate out his arguments very well, Richardson has stated one claim that is not frivolous: the claim that he should not be left in ongoing, close contact with his assailant. He seeks injunctive relief to require further investigations by prison officials, in order to bring about a separation between him and his assailant.

As to this claim, the magistrate judge wrote: "Plaintiff has not shown a real and immediate threat of injury. He has only pointed to an isolated event that occurred because of a dispute over the 'inmate counsel's' services." But this portrayal fails to take account of the fact that, as discussed extensively in the complaint, the grudge between the appellant and the "inmate counsel" began before the actual assault and, according to the facts alleged by the plaintiff, continued past that event. The appellant cites not merely "an isolated event,"

---

[6] "Our case law is clear . . . that a prison official's failure to follow the prison's own policies, procedures or regulations does not constitute a violation of due process, if constitutional minima are nevertheless met." Myers v. Klevenhagen, 97 F.3d 91, 94 (5th Cir. 1996).

[7] See Farmer v. Brennan, 511 U.S. 825, 837 (1994); Adames v. Perez, 331 F.3d 508, 512 (5th Cir. 2003); Jones v. Greninger, 188 F.3d 322, 326 (5th Cir. 1999).

[8] Varnado v. Lynaugh, 920 F.2d 320, 321 (5th Cir. 1991).

but ongoing threats from his assailant.[9]  He lays out specific fears of further violence and claims to have been threatened and harassed by his assailant.

Contrary to the magistrate judge's recommendation, at the pleading stage, a plaintiff need not have "shown a real and immediate threat of injury" (emphasis added) – he need only have sufficiently alleged a threat.  The magistrate judge rightly notes that prison administrators are granted significant deference in determining prison policies, but a finding as to whether prison officials have acted sufficiently in response to the appellant's allegations should occur at a later stage in the proceedings.

As the submissions stand, appellant's claim may not be supported by sufficient factual allegations to survive a dismissal under §1915(e)(2)(B)(ii), which is the PLRA equivalent of FED. R. CIV. P. 12(b)(6).[10]  But usually, a claimant should be put on notice before his claim is dismissed with prejudice for failure to state a claim.[11]  This is particularly important for a pro se claimant

---

[9] In his initial submission, he wrote:  "Plaintiff is presently suffering greatly of not eating the food when his enemy passes out food in [appellant's] unit in fear of food been tampered with . . . . [D]ue to the fact that plaintiff's assailant has not been separated from him, thus allows enemy to come to [plaintiff-appellant's] unit to harass him, plaintiff is in fear of him either burning him up while in cell, poisoning his food or drink, for plaintiff cannot properly protect himself while sleep in cell while enemy is lurking the unit."  In his appellate brief, he noted he was "constantly harassed by inmate Leo Barrier at least 3 times a week by threats . . . ."  Compare the facts in City of Los Angeles v. Lyons, 461 U.S. 95 (1983), which was quoted by the magistrate judge in this case.  There, the fear, which the Supreme Court considered insufficiently "real and immediate," was that the plaintiff would at some point in the future be detained by L.A. police  and without having provoked or resisted them, be subjected by them to a particular kind of dangerous chokehold.

[10] See Harris v. Hegmann, 198 F.3d 153, 156 (5th Cir. 1999); Bradley v. Puckett, 157 F.3d 1022, 1025 (5th Cir. 1998).

[11] "Generally a district court errs in dismissing a pro se complaint for failure to state a claim under Rule 12(b)(6) without giving the plaintiff an opportunity to amend."  Bazrowx v. Scott, 136 F.3d 1053, 1054  (5th Cir. 1998)

whose lack of access to legal resources appears as part of the factual basis of the case, since he was assaulted in response to repeated denials of legal help from the "inmate counsel" who had access to the computers designated for legal research.[12]  Appellant's remaining claim should have been investigated, for instance through a questionnaire or a Spears hearing.[13]  One way or another, he

---

(citing Moawad v. Childs, 673 F.2d 850, 851-52 (5th Cir. 1982)).  See also Hitt v. City of Pasadena, 561 F.2d 606, 608-09 (5th Cir. 1977) (noting "it is the well-established policy of the federal rules that the plaintiff is to be given every opportunity to state a claim," and reversing and remanding a dismissal with prejudice for failure to state a claim); 5B CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1357 (3d ed. 2004) (providing cases in support of principle that notice should be given).

[12] Appellant noted, in advancing one of his unsuccessful claims for failure to protect:  "In the case at bar, for although [Winn] has a law library which is inadequate . . . [Winn] also provides legal assistance through inmate counsels.  It is through these inmate counsel which inmate or to receive any type of proper research or have legal cases pulled for review.  For [Winn] law library has 2 computers in which no inmate is allowed to touch but inmate counsels.  Thus in the above light because it is only through such inmate counsel's that would give inmates proper access to the courts or legal research, this plaintiff has a constitutional right to such assistance . . . ."  (We have expanded abbreviations and corrected minor spelling errors in appellant's hand-written submissions, but otherwise his language is reproduced exactly.)
In a previous action in the W.D. La., USDC No. 1:07-CV-852, appellant's allegations of drastically limited access to legal materials failed to make out a successful "access to courts" claim because of his inability to point to a non-frivolous claim that the allegedly inadequate access to legal materials hindered him from bringing, as is required by current law.  See Lewis v. Casey, 518 U.S. 343 (1996).

[13] See Eason v. Holt, 73 F.3d 600, 602 (5th Cir. 1996); Spears v. McCotter, 766 F.2d 179 (5th Cir. 1985).  See also Jones v. Univ. of Texas Medical Branch Hosp. Galveston, 236 Fed. App'x 931, 933 (5th Cir. 2007) (approving use of questionnaire); Colgrove v. Grant, No. 00-40843, 2001 WL 300627 (5th Cir. Feb. 26, 2001) (remanding for Spears hearing or similar proceedings); Herron v. Witt, No. 97-10930, 1998 WL 30125 (5th Cir. Jan. 16, 1998) (remanding for Spears hearing or questionnaire); Hentz v. McCarran, No. 94-60335, 1995 WL 84057 (5th Cir. Feb. 6, 1995) (discussing Spears); Payne v. Revell, No. 94-10133, 1994 WL 500417, at *3 (5th Cir. Aug. 30, 1994) (discussing Spears).

should have been put on notice that he needed to allege more facts (if any exist) to support his expressed fears.

In the end, the appellant may fail to state a claim – indeed, his claim may yet be dismissed as frivolous, if further proceedings make it clear that he has no arguable legal claim. But his submissions to date are sufficiently grounded and specific that at a minimum he should be put on notice that he must remedy the factual deficiencies in his claim before facing dismissal.

The district court's judgment is AFFIRMED as to all claims aside from the claim for injunctive relief necessary to protect appellant from further assaults, which is VACATED and REMANDED for further proceedings.

Due to the dismissal of a previous action in the same district court, USDC No. 1:07-CV-852, Richardson already has a "strike" for the purposes of 28 U.S.C. § 1915(g). The initial dismissal of the instant action, which would have counted as another strike, will not count as a strike unless, on remand, the district court again dismisses Richardson's remaining claim, determining on the basis of additional investigation that it is frivolous or that Richardson has failed to state a claim.[14] Any frivolous appeal from that determination will count as a third "strike" against Richardson. Richardson is cautioned that if he accumulates three "strikes," he will no longer be allowed to proceed in forma pauperis in any civil action or appeal filed while he is detained or incarcerated in any facility unless he is under imminent danger of serious physical injury.[15]

---

[14] Adepegba v. Hammons, 103 F.3d 383, 387-88 (5th Cir. 1996).

[15] See § 1915(g).