# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

June 19, 2008

Charles R. Fulbruge III
Clerk

No. 07-10714
Conference Calendar

AUSTIN SHOPE

Plaintiff-Appellant

v.

TEXAS DEPARTMENT OF CRIMINAL JUSTICE; PRICE DANIEL UNIT; COGDELL MEMORIAL HOSPITAL; WARDEN EILEEN KENNEDY; STEPHEN J. MCILROY; I. CANALES; DR. WYATT HOWELL, Deceased; DR. N.F.N. BAILEY; DR. N.F.N. WHITEHORN; DONNA VALLIE

Defendants-Appellees

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 5:06-CV-286

Before JONES, Chief Judge, and JOLLY and DENNIS, Circuit Judges.

PER CURIAM:[*]

Austin Shope, Texas prisoner # 1339346, appeals the district court's dismissal of his 42 U.S.C. § 1983 complaint as frivolous. The district court's dismissal of Shope's complaint is reviewed for an abuse of discretion. Norton v. Dimazana, 122 F.3d 286, 291 (5th Cir. 1997).

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Shope argues that the defendants have been deliberately indifferent to his serious medical needs regarding his knee, in violation of the Eighth Amendment. This claim was properly dismissed. Even if we assume that Shope's alleged knee pain gives rise to a serious medical need, Shope has not alleged the requisite official dereliction as he has neither asserted that he has been deliberately denied treatment with the intent to cause harm, nor alleged that he has in fact suffered any harm as a result. See Farmer v. Brennan, 511 U.S. 825, 839-41, 847 (1994); Reeves v. Collins, 27 F.3d 174, 176-77 (5th Cir. 1994). The record demonstrates that Shope has repeatedly been monitored, evaluated, and treated for his alleged knee problem. Shope's argument that he has received inadequate medical care is essentially a disagreement with the level or choice of care that he has received. Such disagreements do not rise to the level of an Eighth Amendment violation. See Varnado v. Lynaugh, 920 F.2d 320, 321 (5th Cir. 1991).

Shope also asserts that the district court erred in dismissing his complaint before allowing him an opportunity to amend or serve his complaint and conduct discovery. Pursuant to 28 U.S.C. § 1915(e)(2), the district court "shall dismiss the case at any time" if it determines that the in forma pauperis (IFP) complaint is frivolous or fails to state a claim. The facts underlying Shope's complaint do not rise to the level of a viable constitutional claim. See Jones v. Greninger, 188 F.3d 322, 327 (5th Cir. 1999). Additionally, Shope was permitted to develop the factual basis of his claims during his hearing held in accordance with Spears v. McCotter, 766 F.2d 179 (5th Cir. 1985). See Adams v. Hansen, 906 F.2d 192, 194 (5th Cir. 1990). Further, on appeal, Shope does not allege what facts he would include in an amended complaint. Therefore, Shope has not shown that the district court abused its discretion in dismissing his complaint. See Ashe v. Corley, 992 F.2d 540, 542 (5th Cir. 1993).

Additionally, in his civil rights complaint, Shope alleged that the prison officials failed to maintain an effective and proper grievance system and failed

to properly investigate and address his grievances. The district court dismissed these claims as frivolous. On appeal, Shope fails to challenge the district court's decision as to these claims. Although this court liberally construes pro se briefs, see Haines v. Kerner, 404 U.S. 519, 520 (1972), this court requires arguments to be briefed in order to be preserved. Yohey v. Collins, 985 F.2d 222, 224-25 (5th Cir. 1993). Because Shope has failed to identify an error in the district court's dismissal of these claims, Shope has waived these issues on appeal, see Hughes v. Johnson, 191 F.3d 607, 613 (5th Cir. 1999), and this court need not address them. See Brinkmann v. Dallas County Deputy Sheriff Abner, 813 F.2d 744, 748 (5th Cir. 1987).

Shope's appeal is without arguable merit and thus frivolous. See Howard v. King, 707 F.2d 215, 219-20 (5th Cir. 1983). Therefore, it is dismissed as frivolous. See 5TH CIR. R. 42.2. The district court's dismissal of Shope's complaint as frivolous and this court's dismissal of Shope's appeal count as two strikes for purposes of 28 U.S.C. § 1915(g). See Adepegba v. Hammons, 103 F.3d 383, 387-88 (5th Cir. 1996). Shope is cautioned that if he accumulates three strikes, he will no longer be allowed to proceed IFP in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury. See § 1915(g).

APPEAL DISMISSED; SANCTION WARNING ISSUED.