# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
December 28, 2010

Lyle W. Cayce
Clerk

No. 10-60398
Summary Calendar

KENNETH E. BROWN,

Plaintiff - Appellant

v.

UNITED PARCEL SERVICE, INC.,

Defendant - Appellee

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 1:08-CV-837

Before KING, BENAVIDES, and ELROD, Circuit Judges.

PER CURIAM:[*]

In this Title VII retaliation case, the Court must determine whether plaintiff-appellant Kenneth E. Brown engaged in activity protected by Title VII when he complained to his employer about unfair work distribution, unpaid overtime, and selective enforcement of a lunch policy. We conclude that Brown's complaints were not protected by Title VII because they did not concern

---

[*] Pursuant to 5th Cir. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

No. 10-60398

discrimination based on "race, color, religion, sex, or national origin." Accordingly, Brown failed to establish a prima facie case of retaliation under Title VII, and the district court properly granted summary judgment on Brown's Title VII retaliation claim.

## I. BACKGROUND

Brown, an African American, was an experienced driver for United Parcel Service, Inc. (UPS) in Gulfport, Mississippi. Michael Bates, a Caucasian, became Brown's supervisor in January 2007. It appears that the two did not get along. In the summer of 2007, Brown allegedly was being given ten to thirty stops per day more than other drivers, causing Brown to work unwanted overtime. Brown complained to Bates about the extra work, but Bates allegedly refused to acknowledge the problem or authorize Brown's overtime pay. On July 20, 2007, Brown filed a union grievance requesting reduced hours and unpaid overtime. When no action was taken, Brown filed a second, substantially identical union grievance on September 14, 2007. Brown ultimately received his unpaid overtime.

On September 28, 2007, Bates allegedly threatened to terminate Brown's employment because Brown took a lunch break at home. Brown asserts that he and other UPS employees commonly took lunch breaks at home, and that this practice never before caused a problem. Thus, on October 1, 2007, Brown filed a third union grievance alleging that Bates's threat was "an act of retaliation on his part because of the grievance I had filed for being over 9/5 2 weeks in a 4 week period." The grievance requested that "[i]n reference to lunch, same rules should apply to all drivers with no exceptions." The grievance concludes that "I do feel discriminated upon by CTRMGR Mike Bates because of his actions."

2

No. 10-60398

During a delivery on October 19, 2007, Brown's truck rolled 15 feet across a parking lot and collided with a small security vehicle. There was no significant property damage. There is, however, a dispute as to whether Brown engaged the parking brake, and whether the parking brake was functioning properly. Bates ultimately concluded that the accident was an "avoidable runaway accident" and terminated Brown's employment on October 25, 2007. The collective bargaining agreement governing Brown's employment provides:

ARTICLE 52 - DISCHARGE OR SUSPENSION

(A) The Employer shall not discharge nor suspend any employee without just cause, but in respect to discharge or suspension shall give at least one (1) warning notice of a complaint against such employee to the employee, in writing, and a copy of the same to the Local Union, except that no warning notice need be given an employee before discharge if the cause of such discharge is . . . an avoidable runaway accident . . . .

On October 25, 2007, Brown filed a fourth union grievance essentially explaining his version of the accident. A grievance committee including UPS and union representatives denied Brown's request for reinstatement. Brown then filed discrimination charges with the Equal Employment Opportunity Commission (EEOC) on December 15, 2007 and January 8, 2008. The charges, substantively identical to each other, allege that Brown's termination was racially motivated and retaliatory. Brown specifically charged that other Caucasian employees had been involved in runaway accidents but had not been terminated.

The EEOC issued a notice of right to sue on June 30, 2008, and Brown timely filed this action asserting claims of race discrimination and retaliation in

3

No. 10-60398

violation of Title VII of the Civil Rights Act of 1964. The district court granted summary judgment against Brown on all claims. The district court found, inter alia, that Brown failed to establish a prima facie case of retaliation because he did not engage in any activity protected by Title VII. Although the district court granted summary judgment on all of Brown's claims, Brown has appealed only the dismissal of his Title VII retaliation claim.[1] For the following reasons, we affirm.

## II. STANDARD OF REVIEW

We review a grant of summary judgment de novo and apply the same legal standard as the district court. *See Floyd v. Amite Cty. Sch. Dist.*, 581 F.3d 244, 247-48 (5th Cir. 2009). Summary judgment is appropriate when "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c)(2); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). Issues of fact are reviewed in light most favorable to the nonmoving party, and questions of law are reviewed de novo. *Stewart v. Miss. Transp. Comm'n*, 586 F.3d 321, 327 (5th Cir. 2009).

---

[1] Brown's statement of the issues on appeal is limited to his retaliation claim, and Brown's brief addresses only his retaliation claim. Because Brown has not identified or briefed any other challenges to the district court's decision, they are waived. *See, e.g.*, FED. R. APP. P. 28(a)(9)(A) (requiring appellant's brief to include appellant's contentions and the reasons for them); *Smith v. Xerox Corp.*, 602 F.3d 320, 335 n.61 (5th Cir. 2010) ("Because it fails to make any similar argument on appeal, however, that issue is deemed waived, and we do not consider it."); *Procter & Gamble Co. v. Amway Corp.*, 376 F.3d 496, 499 n.1 (5th Cir. 2004) ("Failure adequately to brief an issue on appeal constitutes waiver of that argument.").

No. 10-60398

## III. DISCUSSION

Title VII makes it unlawful for an employer to retaliate against an employee who opposes an employment practice made unlawful by Title VII. 42 U.S.C. § 2000e-3(a). The district court analyzed Brown's Title VII retaliation claim under the familiar *McDonnell Douglas* burden shifting framework, and we see no reason to deviate from this approach in this case.[2] *See McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802-03 (1973). Under *McDonnell Douglas*, a plaintiff first must establish a prima facie case of retaliation. *Id.* This requires evidence that: (1) the plaintiff engaged in an activity protected by Title VII; (2) the employer took an adverse employment action against the plaintiff; and (3) a causal connection exists between the protected activity and the adverse employment action. *See, e.g.*, *Stewart*, 586 F.3d at 33; *McCoy v. City of Shreveport*, 492 F.3d 551, 556-57 (5th Cir. 2007). We have defined protected activity as "opposition to any practice rendered unlawful by Title VII, including making a charge, testifying, assisting, or participating in any investigation, proceedings, or hearing under Title VII." *Ackel v. Nat'l Commc'ns, Inc.*, 339 F.3d 376, 385 (5th Cir. 2003). If the plaintiff carries his initial burden, the employer must respond by producing evidence of a "legitimate, nondiscriminatory reason" for the adverse employment action. *Okoye v. Univ. of Tex. Houston Health Sci. Ctr.*, 245 F.3d 507, 512 (5th Cir. 2001). Finally, if the employer carries its burden, the plaintiff must put forward evidence that "the legitimate reasons

---

[2] Although Brown pointed out to the district court that in some cases a plaintiff may be entitled to a mixed-motives framework, Brown did not assert that he was entitled to a mixed motives framework, and indeed Brown analyzed his own case under the *McDonnell Douglas* framework. The district court did not err in applying *McDonnell Douglas* at summary judgment.

No. 10-60398

offered by the employer were not its true reasons, but were a pretext for discrimination." *Id.*

We find that Brown has failed to establish the first prong of his prima facie case, namely, that he engaged in activity protected by Title VII. Title VII does not protect opposition to all forms of unscrupulous conduct. *See, e.g.*, *Stewart*, 586 F.3d at 332 (observing that Title VII is not a "general civility code for the American workplace"). Instead, Title VII protects only opposition to discrimination based on "race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2(a)(1). Magic words are not required, but protected opposition must at least alert an employer to the employee's reasonable belief that unlawful discrimination is at issue. *See, e.g.*, *Turner v. Baylor Richardson Med. Ctr.*, 476 F.3d 337, 348-49 (5th Cir. 2007); *Broderick v. Donaldson*, 437 F.3d 1226, 1232 (D.C. Cir. 2006); *Sitar v. Ind. Dep't of Transp.*, 344 F.3d 720, 727 (7th Cir. 2003); *Hinds v. Sprint/United Mgmt. Co.*, 523 F.3d 1187, 1203 (10th Cir. 2008). Here, the record indicates that although Brown complained about unfair work distribution, unpaid overtime, and selective enforcement of a lunch policy shortly before his termination, Brown did not complain about race, color, religion, sex, or national origin discrimination. Because unfair work distribution, unpaid overtime, and selective enforcement of a lunch policy, without more, are not prohibited by Title VII, Brown's opposition to these practices was not protected by Title VII.

It is true that Brown asserted in his October 1, 2007 grievance that "I do feel discriminated upon by CTRMGR Mike Bates because of his actions." But read in context, this statement refers to Brown's belief that he was being singled out, not because of his race, but "because of the grievance I had filed for being

6

No. 10-60398

over 9/5 2 weeks in a 4 week period." As already explained, Title VII did not prohibit UPS from terminating Brown because he complained about unfair work distribution and unpaid overtime.

## IV. CONCLUSION

For the reasons stated, the district court properly granted summary judgment on Brown's Title VII retaliation claim.

AFFIRMED.