# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

May 1, 2024

Lyle W. Cayce
Clerk

No. 23-60436

RAYMOND PITTS,

*Plaintiff—Appellant*,

*versus*

WAFFLE HOUSE, INCORPORATED,

*Defendant—Appellee*.

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 3:23-CV-408

Before DENNIS, SOUTHWICK, and HO, *Circuit Judges*.
PER CURIAM:[*]

Plaintiff-Appellant Raymond Pitts, proceeding pro se, sued his former employer, Defendant-Appellee Waffle House, Inc., alleging violations of Title VII of the Civil Rights Act of 1964. The district court dismissed his complaint with prejudice for failure to state a claim. Finding no error, we AFFIRM.

---

[*] This opinion is not designated for publication. *See* 5TH CIR. R. 47.5.

No. 23-60436

## I. Factual and Procedural History

According to the complaint,[1] Plaintiff worked at various Waffle House restaurants beginning in 1997. Most recently, he worked as second shift supervisor at a Waffle House in Jackson, Mississippi. While working at the Jackson location, Plaintiff was dismayed to observe coworkers failing to comply with company protocols and engaging in flagrant criminal acts on the job. For instance, Plaintiff alleges that he once saw another employee brandishing a semi-automatic firearm. Plaintiff filed a complaint with corporate management, but nothing was done. Plaintiff also allegedly witnessed theft, drug sales, credit card fraud, and firearm sales. His complaints to management about those issues likewise went unheeded. Plaintiff alleged that upper management even told his coworkers that he was "snitching."

Plaintiff alleged that around the time of his complaints to management, a manager began scheduling Plaintiff for excessive amounts of overtime, including seventeen-hour shifts, and penalized Plaintiff when he declined a shift at another Waffle House. And while management allegedly pressured Plaintiff to recruit new employees, it responded negatively when he requested that they hire retirees or individuals with disabilities.

In response to what he deemed a "hostile work environment," Plaintiff became stressed and frustrated and asked to be transferred to another Waffle House. That request was denied. Instead, employees allegedly harassed him with telephone calls and made visits to his home to pick him up for work.

---

[1] We accept Plaintiff's factual allegations as true at the Rule 12(b)(6) stage. *Meador v. Apple, Inc.*, 911 F.3d 260, 264 (5th Cir. 2018) (quoting *Dorsey v. Portfolio Equities, Inc.*, 540 F.3d 333, 338 (5th Cir. 2008)).

On March 13, 2023, Waffle House terminated his employment. Plaintiff called the company's corporate office but was unable to learn any details about his termination except that it was for "insubordination." The real reasons, Plaintiff alleged, were his demands for better treatment and compliance with company policies. On June 26, 2023, Plaintiff sued Waffle House in the U.S. District Court for the Southern District of Mississippi. While Plaintiff's complaint did not contain specific claims, he headlined it "Title VII of Civil Rights Act of 1964 as amended," included the specific allegation that he was "discriminated against by retaliation due to my promotion of company policies," and cited two federal cases concerning Title VII discrimination and retaliation.

On August 4, 2023, the district court granted Waffle House's motion to dismiss with prejudice for failure to state a claim and entered final judgment.[2] The court construed Plaintiff's complaint as containing a claim for retaliation in violation of Title VII. But because Plaintiff did not allege that he suffered retaliation based on grounds covered by Title VII—that is, he did not allege he had suffered retaliation related to race, color, religion, sex, or national origin, *see* 42 U.S.C. § 2000e–2(a)(1)—the district court ruled his retaliation claim failed. Further, the district court denied Plaintiff the opportunity to amend his complaint, explaining that any attempt to do so would be futile because no Title VII violation could result from the circumstances that Plaintiff described. Plaintiff appealed the dismissal to us.

---

[2] The district court did not specify whether it was dismissing the case with or without prejudice, but "a dismissal is presumed to be with prejudice unless the order explicitly states otherwise." *Fernandez-Montes v. Allied Pilots Ass'n*, 987 F.2d 278, 284 n.8 (5th Cir. 1993) (citations omitted). Our conclusion that Plaintiff's case was dismissed with prejudice is buttressed by the district court's denial of leave to amend and entry of final judgment.

## II. Standards of Review

We review an order granting a Rule 12(b)(6) motion to dismiss de novo. *Meador*, 911 F.3d at 264 (quoting *Dorsey*, 540 F.3d at 338). We accept Plaintiff's version of the facts as true and view those facts in the light most favorable to him. *Id.* (quoting *Dorsey*, 540 F.3d at 338). Because Plaintiff represents himself, we hold his complaint to a less strict standard than we would if it were written by a lawyer. *See Haines v. Kerner*, 404 U.S. 519, 520–21 (1972) (citations omitted). Plaintiff's complaint still must satisfy the requirement that we impose on all complaints in federal court: It must contain enough facts to state a claim for relief that is plausible on its face. *In re S. Scrap Material Co., L.L.C.*, 541 F.3d 584, 587 (5th Cir. 2008) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

The denial or grant of leave to amend a complaint is reviewed under an abuse of discretion standard. *Legate v. Livingston*, 822 F.3d 207, 211 (5th Cir. 2016) (citing *Stripling v. Jordan Prod. Co.*, 234 F.3d 853, 873 (5th Cir. 2000)). Generally, it is an abuse of discretion for a district court to dismiss a pro se complaint with prejudice without first giving the plaintiff an opportunity to amend his complaint to remedy any deficiencies. *Bazrowx v. Scott*, 136 F.3d 1053, 1054 (5th Cir. 1998) (citing *Moawad v. Childs*, 673 F.2d 850, 851–52 (5th Cir. 1982)). It is not an abuse of discretion to deny a pro se party leave to amend, however, where the plaintiff has already pleaded his "best case." *Id.* (citation omitted).

## III. Discussion

### A.

The district court reasonably construed Plaintiff's pro se complaint as containing a single claim for retaliation under Title VII, based on Plaintiff's attempts to enforce Waffle House company policy. It would have been

reasonable for the district court to interpret Plaintiff's complaint as containing a hostile work environment claim under Title VII as well.

To state a Title VII retaliation claim, Plaintiff was required to allege, inter alia, that he engaged in activity protected by Title VII, namely "opposition to discrimination based on 'race, color, religion, sex, or national origin.'" *Brown v. United Parcel Serv., Inc.*, 406 F. App'x 837, 840 (5th Cir. 2010) (quoting 42 U.S.C. § 2000e–2(a)(1)). Likewise, to state a Title VII hostile work environment claim, Plaintiff was required to allege, inter alia, that the complained-of harassment was based on his race, color, religion, sex, or national origin. *Johnson v. Bd. of Supervisors of La. State Univ. & Agric. & Mech. Coll.*, 90 F.4th 449, 455 (5th Cir. 2024) (citations omitted). Plaintiff's complaint does not allege that any actions by Waffle House or its employees had to do with his or anyone else's race, color, religion, sex, or national origin. He has failed to state retaliation and hostile work environment claims under Title VII.

Construing Plaintiff's pro se complaint liberally, the district court also considered whether Plaintiff stated a claim for wrongful termination under Mississippi state law. Under Mississippi law, an employee who is "'discharged for reporting illegal acts of his employer'" may sue the employer for damages. *Crawford v. Bannum Place of Tupelo*, 556 F. App'x 279, 284 (5th Cir. 2014) (quoting *McArn v. Allied Bruce–Terminix Co., Inc.*, 626 So. 2d 603 (Miss. 1993)). As the district court noted, the complaint does not plausibly allege that the criminal violations Plaintiff witnessed "had something to do with" Waffle House's business, an element required to succeed on such a claim in Mississippi. *Jones v. Fluor Daniel Servs. Corp.*, 959

So. 2d 1044, 1047 (Miss. 2007). The district court did not err in finding that Plaintiff's complaint fails Rule 12(b)(6)'s pleading standard.[3]

**B.**

The district court dismissed Plaintiff's complaint with prejudice and found that any amendment would be futile. Generally, a pro se litigant should be offered an opportunity to amend his complaint before it is dismissed with prejudice. *Bazrowx*, 136 F.3d at 1054 (citing *Moawad*, 673 F.2d at 851–52). Granting leave to amend is not required, however, if the plaintiff has already pleaded his "best case." *Id.* (citation omitted). Plaintiff gives no indication that he did not plead his best case in his complaint. He also does not explain what facts he would have added in an amended complaint or how he would have overcome the deficiencies found by the district court if he had been granted an opportunity to amend. *See Shope v. Tex. Dep't of Crim. Just.*, 283 F. App'x 225, 226 (5th Cir. 2008) ("Shope does not allege what facts he would include in an amended complaint. Therefore, Shope has not shown that the district court abused its discretion in dismissing his complaint.") (citing *Ashe v. Corley*, 992 F.2d 540, 542 (5th Cir. 1993)); *Goldsmith v. Hood Cnty. Jail*, 299 F. App'x 422, 423 (5th Cir. 2008) (affirming district court's dismissal of pro se complaint when litigant failed to "explain what facts he would have added or how he could have overcome the deficiencies found by the district court if he had been granted an opportunity to amend"). Plaintiff

---

[3] Plaintiff additionally argues that Waffle House's Corporate Disclosure Statement, filed in the district court, contains a false representation because it does not list the U.S. Government as one of Waffle House's owners. That issue has no discernible bearing on the district court's dismissal order—the subject of Plaintiff's notice of appeal—so we lack jurisdiction to reach it. *See Pope v. MCI Telecomms. Corp.*, 937 F.2d 258, 266 (5th Cir. 1991).

No. 23-60436

has therefore failed to show that the district court abused its discretion by dismissing his complaint without granting him leave to amend.

## IV. Conclusion

For the foregoing reasons, we AFFIRM the district court's judgment. Plaintiff's motions for appointment of counsel and for federal protection are DENIED.