

# NUMBER 13-24-00112-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

---

**CITY OF PHARR,** **Appellant,**

**v.**

**LT. KRYSTLE GUERRA,** **Appellee.**

---

## ON APPEAL FROM THE 430TH DISTRICT COURT
## OF HIDALGO COUNTY, TEXAS

---

## MEMORANDUM OPINION

**Before Justices Silva, Cron, and Fonseca**
**Memorandum Opinion by Justice Cron**

Appellee Krystle Guerra is a lieutenant in the City of Pharr Fire Department (the Department). In the underlying proceeding, Guerra sought district court review of two decisions by the City of Pharr Fire & Police Civil Service Commission (the Commission) upholding her separate five- and ten-day suspensions by the Department. *See* TEX. LOC. GOV'T CODE § 143.015(a). She also alleged gender discrimination and retaliation against

appellant the City of Pharr (the City) under Chapter 21 of the Texas Labor Code. *See* TEX. LAB. CODE §§ 21.051, 21.055.

The City filed a plea to the jurisdiction on grounds that Guerra's Chapter 21 claims were not viable and that certain relief she requested under her administrative appeals exceeded the district court's statutory authority. The City also filed a motion for summary judgment on the merits of Guerra's administrative appeals, contending that the Commission's decisions should be affirmed because they are supported by substantial evidence. By separate orders, the district court denied both the jurisdictional plea and the motion for summary judgment.

In what we construe as three separate issues, the City challenges the propriety of both interlocutory orders based on the above grounds. Because we agree that the district court lacked subject matter jurisdiction over Guerra's Chapter 21 claims, we reverse and render a judgment of dismissal on those claims. We disagree, however, with the City's characterization of Guerra's pleadings with respect to the City's second issue. As Guerra correctly points out, the complained-of relief was requested in conjunction with her Chapter 21 claims, not her administrative appeals. Therefore, the dismissal of Guerra's Chapter 21 claims renders the City's second issue moot. Finally, because we do not have interlocutory jurisdiction over the denial of the City's motion for summary judgment, we dismiss that portion of the City's appeal.

## I.   BACKGROUND

On June 22, 2021, Guerra received written notice that then-Fire Chief Leonardo Perez was investigating allegations that she violated Department policies on multiple

occasions. The allegations largely centered on several reports that, without prior authorization, Guerra repeatedly left her assigned fire station and district to conduct personal business or socialize at other stations while on duty. During a disciplinary hearing before Chief Perez, Guerra did not dispute those allegations; instead, she generally claimed that it was common for other Department personnel to run personal errands during work hours. Chief Perez invited Guerra to provide examples to support her contention. In a follow-up email to Chief Perez, she accused him of running personal errands while on duty and cited specific instances of him allegedly doing so. After considering Guerra's response, Chief Perez found the allegations against her to be true and suspended Guerra for five days without pay.

Guerra appealed the decision to the Commission, which held a contested evidentiary hearing. Both parties were represented by counsel, and the Department presented two witnesses and seven exhibits to support the suspension. Guerra's presentation consisted primarily of raising legal arguments and cross-examining the Department's witnesses. Guerra offered two exhibits, but she did not testify or call other witnesses. At the conclusion of the hearing, the Commission members voted unanimously to uphold the suspension.

In January 2022, Chief Perez's successor, Pilar Rodriguez, sent Guerra written notice of contemplated discipline concerning two incidents. Guerra was accused of "exchanging time" with another lieutenant in violation of a supervisor's prior directive not to do so. She was also accused of leaving her post for two hours without obtaining prior authorization from her immediate supervisor or notifying others above her in the chain of

3

command. Chief Rodriguez interviewed Guerra prior to sending her the notice, and Guerra allegedly admitted to violating her supervisor's directive but claimed that it was unintentional because she "forgot" about the directive. According to Chief Rodriguez, Guerra also admitted during the interview that her unapproved absence was a violation of Department policy. After conducting a disciplinary hearing and considering Guerra's response to the allegations, Chief Rodriguez suspended Guerra for ten days without pay.

Guerra also appealed this suspension to the Commission. The contested hearing played out in a similar fashion to the first hearing. The Department presented two witnesses and ten exhibits to support the suspension. Guerra did not present any evidence. Instead, her counsel cross-examined the Department's witnesses and raised legal arguments for why the suspension should be set aside. At the conclusion of the hearing, the Commission members voted unanimously to uphold the suspension.

Guerra appealed both Commission decisions to district court, asking the court to set aside the orders of suspension on substantive and procedural grounds and award her back pay. She also brought claims against the City for gender discrimination based on disparate treatment and "retaliation for reporting misbehavior by a male firefighter and [Chief Perez]." As to the first report, Guerra alleged that she "reported a subordinate male employee for insubordination and work performance issues" in January 2021. Guerra further alleged that she "was unexpectedly transferred from her assigned station, in retaliation for making a complaint against the subordinate male employee, while the male employee was allowed to stay at [her] former station." According to Guerra, while the subordinate made a complaint against her that was fully investigated, there was no

4

meaningful investigation of her complaint. In a section of her petition titled "Damages Under [Chapter 21]," Guerra requested, among other relief, "reinstatement to her prior station location" and "removal of the letter of reprimand from her personnel file."

On October 20, 2023, the City filed a combined plea to the jurisdiction and motion for summary judgment that would become the subject of this appeal.[1] The plea argued, among other things, that Guerra could not establish a prima facie case for either Chapter 21 claim because there was "no evidence" of certain elements. The City also claimed that the district court lacked authority under Chapter 143 of the Local Government Code to transfer Guerra back to her former station or remove the letter of reprimand from her personnel file. The City insisted that if Guerra prevailed on her administrative appeals, the district court could only set aside the suspension orders and award Guerra back pay. The motion for summary judgment did not concern Guerra's Chapter 21 claims; rather, the City asked the court to review the attached administrative records and find that both decisions were supported by substantial evidence.

In her response, Guerra failed to address the plea to the jurisdiction and focused solely on the City's motion for summary judgment. Although she had previously attached the administrative record from her first hearing before the Commission as support for her own motion for partial summary judgment (which was also denied), she objected to the City relying on the administrative records in support of its motion.[2] She also incorporated

---

[1] This was the third iteration of this filing; as Guerra amended her petition several times with additional claims, the City would respond in kind with an amended plea and motion.

[2] Guerra claims that the district court "obviously sustained [her] objections" to the City's evidence. It is unclear from the record whether the district court actually did so. In any event, we do not reach the merits of the City's motion for summary judgment and have only considered evidence previously submitted by Guerra in resolving the City's jurisdictional challenge to her Chapter 21 claims.

by reference her prior responses to the City's earlier motions for summary judgment. One of those responses had several exhibits attached, including an affidavit by Guerra, her January 2021 report concerning the subordinate employee, and her email to Chief Perez.

The district court denied the City's plea to the jurisdiction and summary judgment motion in separate orders. The City appealed the former order. *See* TEX. CIV. PRAC. & REM. CODE § 51.014(a)(8) (permitting immediate appeal of an interlocutory order denying a governmental unit's plea to the jurisdiction).

## II. CHAPTER 21 CLAIMS

In its first jurisdictional issue, the City maintains that Guerra failed to establish a prima facie case for either of her Chapter 21 claims and that Guerra was suspended both times for legitimate, nondiscriminatory, non-retaliatory reasons.

## A. Standard of Review

Subject matter jurisdiction is essential to a court's authority to decide a case. *In re Abbott*, 601 S.W.3d 802, 807 (Tex. 2020) (orig. proceeding) (per curiam) (citing *Tex. Ass'n of Bus. v. Tex. Air Control Bd.*, 852 S.W.2d 440, 443 (Tex. 1993)). Whether a trial court has subject matter jurisdiction over a plaintiff's claim is generally a question of law we review de novo. *Sampson v. Univ. of Tex. at Aus.*, 500 S.W.3d 380, 384 (Tex. 2016).

Governmental entities are generally immune from suits for money damages unless the Legislature has expressly waived immunity for the type of claim asserted. *Mission Consol. Indep. Sch. Dist. v. Garcia*, 253 S.W.3d 653, 655 & n.2 (Tex. 2008) (*Garcia I*). This immunity from suit deprives the trial court of subject matter jurisdiction over the plaintiff's claims and may be properly raised in a plea to the jurisdiction or a motion for

6

summary judgment. *City of Houston v. Williams*, 353 S.W.3d 128, 133 (Tex. 2011). "A plaintiff has the burden to affirmatively demonstrate the trial court's jurisdiction." *Town of Shady Shores v. Swanson*, 590 S.W.3d 544, 550 (Tex. 2019). Thus, when a plaintiff sues a governmental entity, they must allege facts that fall within a legislative waiver of immunity. *Id.* A governmental defendant may challenge the trial court's jurisdiction by attacking the plaintiff's pleadings, the existence of jurisdictional facts, or both. *Alamo Heights Indep. Sch. Dist. v. Clark*, 544 S.W.3d 755, 770 (Tex. 2018).

When a governmental defendant challenges the existence of jurisdictional facts and supports its argument with evidence, "the standard of review mirrors that of a traditional summary judgment." *Town of Shady Shores*, 590 S.W.3d at 550. If the governmental entity's evidence establishes the absence of a jurisdictional fact, the burden shifts to the plaintiff to raise a genuine issue of material fact for the jury to resolve, and if the plaintiff fails to do so, the trial court should rule on the jurisdictional question as a matter of law. *Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 228 (Tex. 2004). "[I]n evaluating the parties' evidence, we take as true all evidence favorable to the nonmovant and indulge every reasonable inference and resolve any doubts in the nonmovant's favor." *City of San Antonio v. Maspero*, 640 S.W.3d 523, 528–29 (Tex. 2022).

After adequate time for discovery, a governmental entity may also challenge the existence of jurisdictional facts through a no-evidence motion for summary judgment. *Town of Shady Shores*, 590 S.W.3d at 551. The governmental entity must first identify an element of a claim for which there is no evidence. *Id.* (citing TEX. R. CIV. P. 166a(i)). It is

7

then incumbent upon the plaintiff to create a genuine issue of material fact by producing "more than a scintilla of evidence establishing the existence of the challenged element." *Id.* (quoting *Ford Motor Co. v. Ridgway*, 135 S.W.3d 598, 600 (Tex. 2004)). Less than a scintilla of evidence exists when the evidence is "so weak as to do no more than create a mere surmise or suspicion" of a fact. *Ridgway*, 135 S.W.3d at 601. As with a jurisdictional challenge on traditional summary judgment grounds, we view the evidence in the light most favorable to the plaintiff. *Id.*

## B.    Applicable Law

Chapter 21 of the Texas Labor Code prohibits employers from discriminating against employees "because of race, color, disability, religion, sex, national origin, or age." TEX. LAB. CODE § 21.051. Chapter 21 also prohibits employers from retaliating against employees for engaging in certain protected activities, such as making an internal report of discrimination. *Id.* § 21.055.

Chapter 21 "waives immunity, but only when the plaintiff states a claim for conduct that actually violates the statute." *Alamo Heights*, 544 S.W.3d at 770; *see* TEX. LAB. CODE § 21.254 (permitting an employee to "bring a civil action against" their employer). A plaintiff who fails to allege a viable claim under Chapter 21 is subject to dismissal for want of jurisdiction. *Mission Consol. Indep. Sch. Dist. v. Garcia*, 372 S.W.3d 629, 637 (Tex. 2012) (*Garcia II*). Likewise, once a claim under Chapter 21 fails on evidentiary grounds, the alleged waiver evaporates, and the trial court should dismiss the claim for want of jurisdiction. *Alamo Heights*, 544 S.W.3d at 763 ("By intertwining [Chapter 21's] immunity waiver with the merits of a statutory claim, the Legislature ensures public funds are not

8

expended defending claims lacking sufficient evidence to allow reasonable jurors to find the governmental entity liable."). Because Chapter 21 was modeled after Title VII of the Civil Rights Act of 1964 and Title I of the Americans with Disabilities Act of 1990, *see* TEX. LAB. CODE § 21.001(1), (3), Texas courts are guided by federal precedent to the extent Chapter 21 and those federal statutes are analogous. *Tex. Dep't of Transp. v. Lara*, 625 S.W.3d 46, 52 (Tex. 2021) (citing *Garcia II*, 372 S.W.3d at 634).

Violations of Chapter 21 can be established with either direct or circumstantial evidence, and for cases based on circumstantial evidence, like this one, Texas courts employ the three-part *McDonnell Douglas* burden-shifting framework. *Alamo Heights*, 544 S.W.3d at 781–82 (citing *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802–05 (1973)). First, the employee must establish a prima facie case of discrimination or retaliation, which gives rise to a rebuttable presumption that a statutory violation occurred. *Id.* at 782 (citing *Tex. Dep't of Cmty. Affs. v. Burdine*, 450 U.S. 248, 252–54 (1981)). "Although the precise elements of this showing will vary depending on the allegations, . . . the plaintiff's burden at this stage of the case 'is not onerous.'" *Quantum Chem. Corp. v. Toennies*, 47 S.W.3d 473, 477 (Tex. 2001) (quoting *Burdine*, 450 U.S. at 253). Even so, the plaintiff must present some evidence establishing each element of her claim to clear the prima facie hurdle. *Ames v. Ohio Dep't of Youth Servs.*, 605 U.S. 303, 308 (2025) (describing the plaintiff's initial burden as "producing enough evidence to support an inference of discriminatory [or retaliatory] motive"); *Tex. Tech Univ. Health Scis. Ctr.-El Paso v. Flores*, 612 S.W.3d 299, 305 (Tex. 2020) (requiring the plaintiff to present "evidence" on each element of her discrimination claim in response to a plea

9

challenging the existence of jurisdictional facts); *S. Tex. Coll. v. Villagran*, No. 13-24-00224-CV, 2026 WL 62579, at *5 (Tex. App.—Corpus Christi–Edinburg Jan. 8, 2026, no pet. h.) (mem. op.) (same).

The employer may then rebut this presumption by offering a legitimate, nondiscriminatory, non-retaliatory reason for the disputed employment action. *Alamo Heights*, 544 S.W.3d at 781–82 (citing *Burdine*, 450 U.S. at 254–55). This is a burden of production, not persuasion, and involves no credibility assessment. *Reeves v. Anderson Plumbing Prods., Inc.*, 530 U.S. 133, 142 (2000) (citing *St. Mary's Honor Ctr. v. Hicks*, 509 U.S. 502, 509 (1993)). "Once rebutted, the presumption disappears, and an employee lacking direct evidence cannot prove a statutory violation without evidence that the employer's stated reason is false and a pretext for discrimination." *Alamo Heights*, 544 S.W.3d at 782 (citing *Burdine*, 450 U.S. at 255–56). Whether summary judgment is appropriate at this stage will depend on a "number of factors," including "the strength of the plaintiff's prima facie case, the probative value of the proof that the employer's explanation is false, and any other evidence that supports the employer's case and that properly may be considered on a motion for judgment as a matter of law." *Reeves*, 530 U.S. at 148–49.

For claims against government employers, each step of the *McDonnell Douglas* analysis is jurisdictional in nature. *Alamo Heights*, 544 S.W.3d at 783. Thus, "[f]or a plaintiff who proceeds along the *McDonnell Douglas* burden-shifting framework, the prima facie case is the necessary first step to bringing a discrimination claim under [Chapter 21]." *Garcia II*, 372 S.W.3d at 637. A plaintiff's failure to establish a prima facie case

"means the plaintiff never gets the presumption of discrimination," and the claim should be dismissed because the trial court lacks jurisdiction. *Id.*

To establish a prima facie case of gender discrimination based on disparate discipline, as Guerra alleges here, the plaintiff must present evidence establishing that she was treated less favorably than a similarly situated male employee. *City of Brownsville v. Garcia*, No. 13-24-00159-CV, 2025 WL 3676269, at *2 (Tex. App.—Corpus Christi–Edinburg Dec. 18, 2025, no pet. h.) (mem. op.). "Employees are similarly situated if their circumstances are comparable in all material respects, including similar standards, supervisors, and conduct." *Flores*, 612 S.W.3d at 312 (quoting *Ysleta Indep. Sch. Dist. v. Monarrez*, 177 S.W.3d 915, 917 (Tex. 2005)). Their circumstances must be "nearly identical." *Autozone, Inc. v. Reyes*, 272 S.W.3d 588, 594 (Tex. 2008) (per curiam). "Employees with different responsibilities, supervisors, capabilities, work rule violations, or disciplinary records are not considered to be 'nearly identical.'" *Id.*

"A retaliation claim is related to, but distinct from, a discrimination claim, and one may be viable even when the other is not. Unlike a discrimination claim, a retaliation claim focuses on the employer's response to an employee's protected activity, such as making a discrimination complaint." *Alamo Heights*, 544 S.W.3d at 763–64. To establish a prima facie case of retaliation, the plaintiff must show: (1) she engaged in a protected activity; (2) she experienced an adverse employment action; and (3) there was a causal link between the two. *Id.* at 782. A person engages in a protected activity if he or she, "under [Chapter 21], (1) opposes a discriminatory practice; (2) makes or files a charge; (3) files a complaint; or (4) testifies, assists, or participates in any manner in an investigation,

11

proceeding, or hearing." TEX. LAB. CODE § 21.055. To engage in a protected activity by making an internal complaint, the employee is not required to use "magic words," but the complaint "must at least alert an employer to the employee's reasonable belief that unlawful discrimination is at issue." *Exxon Mobil Corp. v. Rincones*, 520 S.W.3d 572, 586 (Tex. 2017) (quoting *Brown v. United Parcel Serv., Inc.*, 406 F. App'x 837, 840 (5th Cir. 2010) (per curiam)).

## C. Discussion

Guerra responds that she satisfied her prima facie burden by merely pleading a prima facie case for each of her claims. She contends that she "had no obligation to **present** [evidence of] a prima facie case at this stage of proceedings" and that the burden-shifting requirements of *McDonnell Douglas* "are for the trial on the case, not for a plea to the jurisdiction contesting whether the trial court has subject matter jurisdiction." Consequently, she points to no evidence in the record that would establish a prima facie case for her retaliation or discrimination claims, and we have found none.

We agree with the City that Guerra fundamentally misunderstands the parties' respective burdens when, as here, the governmental employer challenges the existence of jurisdictional facts. In such cases, "we must move beyond the pleadings and consider evidence when necessary to resolve the jurisdictional issues, even if the evidence implicates both subject-matter jurisdiction and the merits of a claim." *Alamo Heights*, 544 S.W.3d at 770–71. Here, the City claimed in its plea that Guerra could not establish a prima facie case of gender discrimination because she had "no evidence" that any similarly situated male employee "was treated more favorably" than her. *See Flores*, 612

12

S.W.3d at 312 ("Because no evidence supports Flores's argument that she and Solis were similarly situated, she cannot establish the fourth element of a prima facie case under the disparate-treatment approach."). The City also argued that Guerra could not establish a prima facie case of retaliation because she had "no evidence" establishing a "causal link" between her allegedly protected activities and her suspensions. *See Alamo Heights*, 544 S.W.3d at 782. Therefore, to avoid dismissal under *McDonnell Douglas*, Guerra was required to present some evidence establishing these challenged elements of her claims. *See Ames*, 605 U.S. at 308; *Flores*, 612 S.W.3d at 305; *Garcia II*, 372 S.W.3d at 637; *Villagran*, 2026 WL 62579, at *5.

Although Guerra points to no evidence in the record to support her claims, in our sole discretion, we have nonetheless reviewed evidence she previously submitted to the trial court, including the transcript of the first Commission hearing, Guerra's affidavit, her written January 2021 report concerning the subordinate employee, and her email to Chief Perez. Rather than establish a prima facie case of gender discrimination and retaliation, this evidence affirmatively demonstrates that Guerra's claims are not viable.

Guerra alleged in her petition that her protected activities consisted of "reporting misbehavior by a male firefighter and [Chief Perez]" and that her transfer to another station and suspensions constituted "retaliation" for making these reports. However, as she described in her own petition, the January 2021 report concerned a subordinate's "work performance issues." For example, Guerra reported that this employee's job performance was "unsatisfactory" because of his poor interpersonal skills. Nowhere in the report did Guerra state that the employee had engaged in any kind of discriminatory

behavior. Likewise, Guerra's email to Chief Perez merely accused him of conducting personal business during work hours. Neither of these internal reports constitute protected activity under Chapter 21. *See* TEX. LAB. CODE § 21.055; *Alamo Heights*, 544 S.W.3d at 786 ("The employee's complaint must, at a minimum, alert the employer to the employee's reasonable belief that unlawful discrimination is at issue."). In short, Guerra's pleadings and evidence conclusively establish that her retaliation claims are based on activities that are not protected by Chapter 21.[3] Consequently, these claims must be dismissed. *See Garcia II*, 372 S.W.3d at 637.

Guerra's discrimination claim fares no better. She alleges in her petition that she was subjected to disparate discipline because of her gender, but she has not affirmatively identified a similarly situated male employee for comparison even though the City challenged her to establish this element of her claim. *See City of Brownsville*, 2025 WL 3676269, at *2. To the extent that she relies on her subordinate, he is not a suitable comparator because his alleged misconduct materially differed from hers and their different positions and ranks in the chain of command, a lieutenant and an engineer, suggest different responsibilities. *See Autozone*, 272 S.W.3d at 594. Indeed, Guerra was his immediate supervisor. *See Flores*, 612 S.W.3d at 312.

Similarly, even though Guerra accused Chief Perez in an email of conducting personal business during work hours, the record indicates that their positions at the Department were not comparable. *See Autozone*, 272 S.W.3d at 594. For example, as

---

[3] Although the City challenged a different prima facie element of Guerra's retaliation claims in its plea to the jurisdiction, we "may raise jurisdictional issues for the first time on appeal" sua sponte. *Wells Fargo Bank, N.A. v. Murphy*, 458 S.W.3d 912, 916 (Tex. 2015).

14

an officer assigned to a specific station and district, Guerra was responsible for leading her crew as they responded to emergency calls. The serious implications of Guerra's alleged misconduct are clear: when a supervising officer leaves their district during work hours without prior authorization, the Department's ability to promptly and effectively respond to an emergency is compromised. On the other hand, the record demonstrates that, as the highest-ranking member of the Department, Chief Perez largely served in an administrative capacity. In other words, unlike Guerra, Chief Perez was not responsible for providing frontline emergency services to the public. *See id.* In sum, because Guerra's circumstances were not "nearly identical" to either of these possible comparators, *see id.*, Guerra failed to establish a prima facie case of gender discrimination based on disparate discipline, *see City of Brownsville*, 2025 WL 3676269, at *2, and the district court erred by failing to dismiss this claim. *See Garcia II*, 372 S.W.3d at 637.

We sustain the City's first issue challenging the district court's subject-matter jurisdiction over Guerra's Chapter 21 claims.

### III.  RELIEF AVAILABLE ON CIVIL SERVICE APPEALS

In its second jurisdictional issue, the City claims that Chapter 143 of the Texas Local Government Code operates as a limited waiver of governmental immunity, Guerra requested certain relief under Chapter 143 that exceeds that waiver, and consequently those claims for relief should be dismissed. Specifically, the City claims that, even if Guerra succeeds on her administrative appeals, the district court cannot order the Department to (1) transfer Guerra back to her former station, or (2) remove the letter of reprimand from her personnel file.

Chapter 143 provides that a "district court may grant the appropriate legal or equitable relief necessary to carry out the purposes of this chapter. The relief may include reinstatement or promotion with back pay if an order of suspension, dismissal, or demotion is set aside." TEX. LOC. GOV'T CODE § 143.015(b). According to the City, the last sentence in subsection (b) restricts the scope of the district court's authority to "grant the appropriate legal or equitable relief necessary to carry out the purposes of [Chapter 143]." *See id.*

Guerra responds that the City's argument is misplaced because she requested the complained-of relief pursuant to her Chapter 21 claims. Having reviewed Guerra's live pleading, we agree with her characterization of the record. Of course, the corollary to that finding is that these requests for relief only survive if the district court has subject-matter jurisdiction over Guerra's Chapter 21 claims. Having already answered that question in the negative, we overrule the City's second issue as moot.[4]

## IV. OUR LIMITED INTERLOCUTORY JURISDICTION

By its final issue, the City claims the district court erred by denying its motion for summary judgment because the Commission's decisions are supported by substantial evidence. Guerra responds that we do not have interlocutory jurisdiction to consider this issue. *See* TEX. CIV. PRAC. & REM. CODE § 51.014(a). Although the City filed a reply brief, it failed—perhaps tellingly—to address this threshold matter. *See* TEX. R. APP. P. 38.3 ("The appellant may file a reply brief addressing any matter in the appellee's brief."). Indeed, we are prohibited from addressing the merits of an issue without first resolving a

---

[4] We express no opinion on the City's construction of § 143.015(b). *See* TEX. LOC. GOV'T CODE § 143.015(b).

16

challenge to our jurisdiction. *See Tex. Right to Life v. Van Stean*, 702 S.W.3d 348, 353 (Tex. 2024).

We conclude that we do not have jurisdiction over the district court's interlocutory summary judgment order. Generally, only final judgments are appealable. *In re Guardianship of Jones*, 629 S.W.3d 921, 924 (Tex. 2021) (per curiam). Our limited interlocutory jurisdiction is conferred by statute, and although the list of appealable interlocutory orders continues to grow, there is nothing in § 51.014 (the most common source of our interlocutory jurisdiction) that entitles the City to immediate review of an order denying summary judgment on an appeal from a civil service commission decision. *See* TEX. CIV. PRAC. & REM. CODE § 51.014(a)(1)–(15); *Harley Channelview Props., LLC v. Harley Marine Gulf, LLC*, 690 S.W.3d 32, 37 (Tex. 2024) ("An appellate court has no jurisdiction to review an interlocutory order unless review is conferred by statute."); *N.Y. Underwriters Ins. v. Sanchez*, 799 S.W.2d 677, 678–79 (Tex. 1990) (per curiam) (holding that court of appeals' assertion of appellate jurisdiction over an interlocutory order "when not expressly authorized to do so by statute is jurisdictional fundamental error"). We are aware of no other statute that grants us jurisdiction over the challenged interlocutory order. *See City of Edinburg v. Campos*, No. 13-24-00313-CV, 2025 WL 3171064, at *2 (Tex. App.—Corpus Christi–Edinburg Nov. 13, 2025, no pet.) (mem. op.) (considering the merits of an interlocutory order denying a plea to the jurisdiction but dismissing the portion of the appeal that challenged the district court's separate interlocutory order granting partial summary judgment on an appeal from a civil service commission decision). Consequently, we dismiss this part of the City's appeal for want of jurisdiction.

17

## V.    CONCLUSION

We reverse the district court's order denying the City's plea to the jurisdiction and render a judgment of dismissal on Guerra's Chapter 21 claims, including all relief she requested pursuant to those claims. We dismiss the remainder of the appeal. *See* TEX. R. APP. P. 43.2(c), (f).

JENNY CRON
Justice

Delivered and filed on the
12th day of February, 2026.